92 11
d112 575

## THE PEOPLE v. AARON W. HAMAKER.

*Criminal law—Aiding escape of prisoner—Legality of confinement.*

1. In order to convict a respondent under How. Stat § 9245, of the offense of aiding or assisting a prisoner in his endeavor to escape, the prisoner must be lawfully committed to or detained in the jail, prison, or other place of confinement from which he seeks to escape.

2. An information charging a respondent with entering a saloon in the night-time with intent to commit the crime of robbery states no offense known to the law, and, if the respondent is convicted and committed to State prison under such an information, he is not there lawfully committed or detained.

Exceptions before judgment from Jackson. (Peck, J.) Argued May 5, 1892. Decided May 20, 1892.

Respondent was convicted of conveying into the State prison a disguise, with intent to facilitate the escape of a prisoner, etc. Conviction reversed, and respondent discharged. The facts are stated in the opinion.

*Austin Blair* and *Ware & Price*, for respondent.

*A. A. Ellis*, Attorney General, and *J. A. Parkinson*, Prosecuting Attorney, for the people.

LONG, J. This case comes to this Court on exceptions before sentence.

The first count of the information charges that—

"Heretofore, to wit, on the 17th day of February, A. D. 1887, one John Donovan, who then and there stood duly convicted in the circuit court for the county of Ogemaw, in said State, of the crime of entering a saloon in the night-time with intent to commit the crime of robbery, was then and there by the judgment and sentence of said court committed to the State prison at Jackson, county and State aforesaid, for the period of ten years from and including said day, by virtue of which said judgment and sentence of said circuit court for said county of Ogemaw said John Donovan was afterwards, to wit, on the day and year last aforesaid, received at said State prison at Jackson aforesaid, and detained therein, and afterwards, to wit, on the 23d day of October, A. D. 1891, while so lawfully held and detained as a prisoner in said State prison by virtue of the said judgment and the sentence of said court, unlawfully and feloniously did escape therefrom; and the said prosecuting attorney, informing as aforesaid, says that one Aaron W. Hamaker, of the city of Jackson, in said county, on the day and year last aforesaid, at the city of Jackson in said county, well knowing that the said John Donovan was so lawfully imprisoned in said prison, feloniously and unlawfully did convey into the said State prison a certain disguise, to wit, one coat, adapted to and useful to aid

said John Donovan in making his said escape, with the intent then and there to facilitate the said escape of said John Donovan, so being such prisoner as aforesaid, from the said State prison."

The respondent was convicted under this first count, and acquitted by the jury upon the other count.

The information was filed under How. Stat. § 9245, which provides that—

"Every person who shall convey into any jail,' prison, or other like place of confinement any disguise, or any instrument, tool, weapon, or other thing adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or shall by any means whatever aid or assist any such prisoner in his endeavor to make his escape therefrom, whether such escape be effected or attempted or not; and every person who shall forcibly rescue any prisoner held in custody upon any conviction or charge of an offense,—shall be punished by imprisonment in the State prison not more than seven years."

The only evidence introduced upon the trial by the prosecution showing the conviction and sentence of John Donovan to the State prison was the original commitment issued from the circuit court for the county of Ogemaw, in which it is certified that—

"John Donovan, having been, by the verdict of a jury heretofore impaneled and sworn in this case, duly convicted of the crime of entering in the night-time a saloon with the intent to commit the crime of robbery, as appears by the record thereof," etc.

The commitment recites the judgment and sentence of Donovan to the State prison for the period of ten years. The court charged the jury that—

"The elements necessary to constitute the offense in the first count of this information, each and all, must be proved by the evidence beyond a reasonable doubt to justify a conviction;   *   *   *   and the commitment

is sufficient evidence that the prisoner was lawfully committed and detained in prison." .

Upon this, counsel for respondent assign error. The objection is that the information does not charge that Donovan, the prisoner confined in the State prison, and whose escape the respondent was attempting to aid and facilitate, was lawfully confined there; that the statement in the information that he was convicted of the crime of entering a saloon in the night-time with intent to commit the crime of robbery is not a statement of any offense known to the law. In this, we think, the respondent's counsel are right. There is no such offense known at the common law, and the statute creates none.

Section 9134, How. Stat., makes it a crime to break and enter a saloon in the night-time, not adjoining to or occupied with a dwelling-house, with intent to commit the crime of murder, rape, robbery, or any other felony or larceny. In the information against Donovan no breaking is charged, and it is not charged that the saloon was not adjoining to or occupied with a dwelling-house; consequently it does not fall within the offense defined in that section of the statute.

Section 9135 makes it a crime to "enter in the night-time, without breaking," certain buildings therein named, with the intent to commit certain offenses named, "the owner or any other person lawfully therein being put in fear;" but a saloon is not among the buildings named. By Act No. 210, Laws of 1889, a saloon was added as one of the buildings protected by the act. The commitment, however, fails to state that the owner or any other person lawfully therein was put in fear. Donovan was sentenced February 17, 1887, and consequently the crime of which he was convicted, if any, was committed prior to the act of 1889, and at that time was not included in that section of the statute.

There is no other provision of the statute within which it could be claimed that the offense could fall.

The statute under which the respondent was convicted makes it a crime to aid or facilitate the escape of a prisoner "there lawfully committed or detained." Under the allegation in the information and the proofs offered to sustain it, it is made apparent that Donovan was not there lawfully committed or detained.

In *Koster v. People*, 8 Mich. 431, it was said—

" That, where the statutes enumerate several elements as combining to create a crime, the crime cannot properly be described without including all these elements. An entry into a shop or warehouse in the night, with intent to commit a felony, is not a crime under this statute unless it also appears that the shop or warehouse is neither adjoining to nor occupied with a dwelling. Burglary, at common law, must be committed in such a place as is within the definition of a dwelling, which term has received an enlarged signification. Entering other buildings was not regarded in the same light. In making a new crime, the Legislature have seen fit to select a peculiar class of buildings, and it cannot be enlarged or varied."

In *Byrnes v. People*, 37 Mich. 515, the doctrine in *Koster v. People* was approved, and the respondent discharged, for the reason that the offense was not charged within the language of the statute, as it did not show whether the premises entered adjoined a dwelling, or were occupied with one.

In *Hall v. People*, 43 Mich. 417, the information charged the breaking and entry of a store not adjoining to or occupied with a dwelling, but did not state whether it was done in the night-time or in the day-time, and it was held that the information did not allege any offense under the Michigan statutes. The respondent was discharged.

In *Harris v. People*, 44 Mich. 305, it was said:

"The various breakings resembling burglary which have been declared criminal by the Legislature are distinguishable from the ancient offense of the common law. They owe their definition to the statute, and the statute must be consulted to ascertain their ingredients. When they are charged they must be set forth in substance as in the statute, with all descriptive incidents, whether negative or otherwise." Citing *Koster v. People,* and *Byrnes v. People, supra.*

It is therefore well settled in this State that the offense with which Donovan was charged, if truly set out in the commitment, was not one known to the law, and he was not, therefore, lawfully committed or detained in the State prison. If any force is to be given to the language employed in How. Stat. § 9245, "lawfully committed or detained," then the information under which the respondent was convicted fails to state any offense. We think that force must be given to these words; that in creating the statutory offense—to aid or facilitate the escape of a prisoner from jail or prison—the Legislature intended the offense to be complete only on condition that the person thus aided or whose escape was facilitated was there lawfully committed or detained.

A great many errors are assigned upon this record, but, in the view we have taken of the case, we do not deem it necessary to discuss them, or decide the other points raised. No offense known to the law having been charged in the information or proved on the trial, it follows that the conviction of the respondent cannot be sustained.

The conviction must be reversed, and the respondent discharged.

MORSE, C. J., GRANT and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.