# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

MICHAEL DAVID MCKERCHIE, III,

Defendant-Appellee.

FOR PUBLICATION
July 28, 2015
9:00 a.m.

No. 321073
Lake Circuit Court
LC No. 13-005096-FH

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

In this dispute over the proper interpretation of the prison escape statute, MCL 750.193, the Attorney General, acting on behalf of the People of the State of Michigan, appeals by right, see MCL 770.12(1), the trial court's order dismissing the charge of prison escape against defendant, Michael David McKerchie, III. We conclude that the trial court erred when it interpreted the statute to provide immunity to parolees who violate parole by escaping from prison. For that reason, we reverse and remand.

## I. BACKGROUND AND BASIC FACTS

The Department of Corrections operates a Residential Re-Entry Program (the Program), "to provide parolees with special services to help them transition into the community." *People v Smith*, unpublished opinion per curiam of the Court of Appeals, issued July 28, 2011 (Docket No. 300772), slip op at 1 (quotation marks and citation omitted).[1] The Department administers the program at a facility in Lake County (the Lake Facility), among other places. *Id.* It operates the facilities consistent with the requirements for a corrections center; the facilities are secured and guarded by the Department's officers 24 hours per day. Further, the inmates are not free to leave and must abide by the Department's rules for prisoner discipline. *Id.* "An offender may be placed into the Program in one of two ways: the offender can be paroled, but required to complete the Program as a condition of parole, or may be entered into the Program after a parole violation while on parole in a community." *Id.*, slip op at 1-2.

---

[1] Although unpublished opinions are not binding on this Court, see MCR 7.215(C)(1), we find the background discussion provided in *Smith* useful to a proper understanding of this case.

-1-

In December 2012, McKerchie was released into the community on parole. However, in May 2013, officers picked-up McKerchie on suspicion that he violated the conditions of his parole. The officers alleged that McKerchie was a suspect in several vehicle break-ins and had admitted to possessing stolen property and trading the property for drugs and money. While these allegations were being investigated, the Department placed McKerchie in the Program for parolees housed at the Lake Facility.

In July 2013, McKerchie went missing from the Lake Facility. Officers discovered that someone had knocked the screen out of a window in the room referred to as the substance abuse room. There were prints that suggested the individual then climbed wire-mesh outside the room to the roof. On the roof, officers discovered a laundry bag with mail addressed to McKerchie and clothing. A blanket had been thrown over the razor wire. It was discovered that a car had been stolen in Lake County. A witness testified at McKerchie's preliminary examination that a man with a shaved head, and wearing a white t-shirt, bright orange shorts, tube socks, and Velcro flip-flops, got into the car and drove it away. That vehicle was discovered abandoned in Newaygo County. Officers later arrested McKerchie and the prosecutor charged him as a fourth habitual offender, see MCL 769.12, with prison escape, MCL 750.193, and unlawfully driving away a motor vehicle, MCL 750.413.

The trial court held a preliminary examination in November 2013. At the preliminary examination, McKerchie's lawyer argued that there was no evidence to connect McKerchie with the stolen car. He also noted that the evidence showed that McKerchie was being held at the Lake Facility for a parole violation. Because MCL 750.193(3) provides that a person "violating the conditions of parole is not an escapee" for purposes of the prison escape statute, McKerchie's lawyer argued that McKerchie could not be guilty of violating MCL 750.193. The trial court agreed that there was insufficient evidence to bind McKerchie over on the charge of unlawfully driving away a motor vehicle, but bound him over on the charge of prison escape.

In February 2014, McKerchie's lawyer moved to quash the bind over and dismiss the charge against McKerchie on the ground that a parole violation cannot serve as the basis for a conviction under MCL 750.193. The trial court held a hearing on the motion in that same month.

At the hearing, McKerchie's lawyer conceded that McKerchie voluntarily accepted incarceration in the Lake Facility as a new condition of his parole after it was alleged that he violated his earlier parole. He also agreed that his client "changed his mind later on and went over the wire, he left without permission" and, in that way, violated the new condition of his parole. Nevertheless, because a person "violating the conditions of a parole" is defined to not be "an escapee" for purposes of the prison escape statute, MCL 750.193(3), McKerchie's lawyer maintained that McKerchie could not be guilty of prison escape.

The trial court agreed that McKerchie's escape from the Lake Facility could not constitute a violation of MCL 750.193. The court stated that the Legislature probably intended the last sentence under MCL 750.193(3) to apply to a narrower set of circumstances, but felt that it could not "get away from the language of the statute and the strict reading of it." Accordingly, it reversed the bind over and dismissed the charge of prison escape.

The trial court entered an order dismissing the charge in February 2014. The Attorney General then appealed in this Court.

## II. MOTION TO QUASH

### A. STANDARDS OF REVIEW

The Attorney General argues that the trial court erred when it interpreted MCL 750.193(3) in such a way as to immunize a parolee from prosecution for prison escape if the parolee's escape would also constitute a parole violation and granted McKerchie's motion to quash on that basis. This Court reviews a trial court's decision on a motion to quash for an abuse of discretion. *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001). This Court reviews de novo whether the trial court properly interpreted and applied the relevant statutes. *People v Janes*, 302 Mich App 34, 41; 836 NW2d 883 (2013). Moreover, it is necessarily an abuse of discretion for a trial court to premise its decision to quash on an error of law. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

### B. PRISON ESCAPE

The Legislature made it a felony for a "person imprisoned in a prison of this state" to break prison and escape, to break prison even though an escape is not made, to escape, or to leave prison "without being discharged by due process of law." MCL 750.193(1). A person escapes for purposes of this statute when the person has acted to remove himself or herself from the imposed restraint on his or her person and volition. See *People v Sheets*, 223 Mich App 651, 658-659; 567 NW2d 478 (1997). Here, there is no dispute that McKerchie acted to remove himself from the Lake Facility and that the Lake Facility constitutes a prison. See *People v Armisted*, 295 Mich App 32, 42-44; 811 NW2d 47 (2011). Nevertheless, relying on the last sentence in MCL 750.193(3), McKerchie contends that he cannot be convicted of prison escape for breaking out of the Lake Facility because he was assigned to the Lake Facility as a condition of parole and the violation of a condition of parole cannot constitute prison escape.

With the last sentence of MCL 750.193(3), the Legislature limited who is an escapee for purposes of the prison escape statute: "A person violating the conditions of parole is not an escapee under this act." At first blush, this sentence appears to provide that a person cannot be convicted of prison escape if the person is a parolee and the acts serving as the basis of the prison escape are also violations of the conditions of that person's parole. Understood in this way, the parolees housed in the Lake Facility as a condition of their parole could never violate MCL 750.193 by escaping from the facility. But this is not the only possible construction.

As this Court has explained, there is a distinction between being granted parole and being released on parole; a prisoner can be paroled and yet remain in prison for a time. *Armisted*, 295 Mich App at 38-40. A parolee may be confined as a condition of parole, as was the case here, or may be confined pending resolution of some other condition. *Id.* at 39 (noting that the parole board may require a parolee to provide evidence that arrangements have been made for the parolee's employment, education, or care). The use of the participial phrase to modify "person" places the emphasis on the person's status as someone who has violated or is violating a condition of parole rather than the person's status as a parolee. The emphasis on the violation

-3-

coupled with the reference to the person's status as "not an escapee" suggests that the Legislature intended to clarify that a person's violation of a condition of parole cannot be used as a substitute for the elements of the offense of prison escape—that is, such a violation does not by itself make the person an "escapee." But it does not follow from this that a person on parole can never be an "escapee" or that an act that constitutes a violation of a condition of parole cannot also constitute a violation of MCL 750.193. This construction is moreover consistent with the sentence's placement within the overall statutory scheme. See *People v Cunningham*, 496 Mich 145, 153-154; 852 NW2d 118 (2014) (stating that courts must construe a statutory provision in its overall context and consider its placement and purpose in the statutory scheme).

The Legislature divided the prison escape statute into three subsections. In the first subsection, the Legislature established what constitutes prison escape, which generally requires breaking, escaping, or leaving the confines of a particular place. MCL 750.193(1). In the second subsection, the Legislature defined what constitutes a prison. MCL 750.193(2). The Legislature then provided in the third subsection that certain acts will constitute a violation of the statute even though the person committing the act is outside the confines of a prison. See MCL 750.193(3). Thus, a person commits prison escape if he or she escapes from the lawful custody of a guard, prison official, or employee while outside the confines of a prison or escapes from a facility of the department of mental health after having been transferred there from a prison. MCL 750.193(3). A person also commits prison escape by violating the terms of his or her release to a work pass program or by failing to return to the place of imprisonment within the time provided. MCL 750.193(3). It is within that context that the Legislature created the exception for persons "violating the conditions of a parole" from being an "escapee." MCL 750.193(3).

The grant of parole generally constitutes "permission to leave confinement with certain restrictions." *Armisted*, 295 Mich App at 38-39. Even after a parolee is released into the community, he or she remains in the Department's custody. *People v Kern*, 288 Mich App 513, 521; 794 NW2d 362 (2010); MCL 791.238(1) ("Each prisoner on parole shall remain in the legal custody and under the control of the department."). Because a person can commit prison escape even when outside the confines of a prison, a parolee might conceivably be found to have committed prison escape under MCL 750.193 by violating a condition of parole. See *Sheets*, 223 Mich App at 658-659 (stating that a prisoner escapes within the meaning of MCL 750.193 when he or she acts to remove himself or herself from the imposed restraint on his or her person and volition). It appears that the Legislature intended to foreclose just such a possibility by stating that a "person violating the conditions of parole is not an escapee under this act." MCL 750.193(3). The exception provides that a violation of a condition of parole does not, absent more, constitute prison escape.

This construction is also consistent with the previous version of the statute, which provided: "Any person violating the conditions of his parole shall not be deemed to be an escapee under the amendatory provisions of this act." See 1970 CL 750.193(3). By stating that the person shall not be *deemed* to be an escapee for violating the conditions of parole, the Legislature indicated that a violation of a condition of parole cannot be used as a substitute for the elements of the offense; it did not, however, provide immunity from prosecution under 1970 CL 750.193 for persons violating their conditions of parole. In 1978, the Legislature amended the last sentence of MCL 750.193(3) to its present form. See 1978 PA 631. With that revision,

-4-

the Legislature simplified the exception and made the language more gender neutral; but it did not, we believe, intend thereby to expand the scope of the exception to provide parolees with immunity from prosecution for prison escape, if the escape would constitute the violation of a condition of parole.

Finally, McKerchie's preferred reading would also create an incongruous result: a parolee confined to a prison as a condition of parole would be immune from prosecution for escape from that prison, whereas a parolee confined in the same prison without such a condition would be subject to prosecution for escape. We do not believe the Legislature intended to differentiate between parolees in this way. Although McKerchie's preferred construction is possible, we do not agree that it is the most plausible. When the last sentence of MCL 750.193(3) is examined in the context of its placement within the statute, *Cunningham*, 496 Mich at 153-154, and in light of the distinction between parolees who have been released into the community and those who remain temporarily incarcerated before release, *Armisted*, 295 Mich App at 38-41, it is evident that the Legislature did not intend to provide persons who violate their parole with immunity from prosecution under MCL 750.193. Rather, it intended to preclude the prosecutor from relying on a violation of a condition of parole as the sole basis for a prosecution under MCL 750.193.

The trial court erred when it interpreted the last sentence in MCL 750.193(3) to provide immunity from prosecution under MCL 750.193 for persons whose escape also constitutes a violation of a condition of parole. Because the prosecutor established the elements of prison escape without relying on the fact that the escape amounted to a violation of a condition of parole, the trial court necessarily abused its discretion when it granted McKerchie's motion to quash the charge of prison escape on the basis of its erroneous understanding of the law. *Duncan*, 494 Mich at 723.

## III. UNLAWFUL INCARCERATION

On appeal, McKerchie also argues in the alternative that he could not be prosecuted for prison escape from the Lake Facility because his incarceration there was unlawful. Specifically, he maintains that the Department could not incarcerate him at the Lake Facility without first conducting a parole revocation hearing, which it did not do.

It is not apparent on this record that McKerchie was entitled to a parole revocation hearing before he could be sent to and held at the Lake Facility. Once released into the community, a parolee does have a liberty interest in his or her continued release on parole. *In re Parole of Haeger*, 294 Mich App 549, 574; 813 NW2d 313 (2011). But this liberty interest is limited and a parolee may be arrested without a warrant "where there exists reasonable cause to believe that he has violated parole." *Jones v Dep't of Corrections*, 468 Mich 646, 652; 664 NW2d 717 (2003). When the Department arrests a parolee on a suspected violation of parole, it must incarcerate the parolee pending a hearing on the charge of parole violation. MCL 791.238(1). The Department is generally required to hold a revocation hearing within 45 days, MCL 791.240a(3), to protect the parolee's right to due process before being deprived of his or her limited liberty interest. *Jones*, 468 Mich at 652.

In this case, the Department apparently did not revoke McKerchie's parole; rather, it elected to continue McKerchie's parole subject to a new condition with which he agreed—namely, that he complete the Program at the Lake Facility. The offer of continued parole with a new condition when coupled with McKerchie's informed consent (assuming he consented) may have satisfied minimum due process. But even if McKerchie were entitled to a revocation hearing, the failure to hold a timely hearing does not entitle him to be released. See *Jones*, 468 Mich at 658 (holding that the remedy for the parole board's failure to conduct an evidentiary hearing within the time set by law is to issue a writ of mandamus requiring the board to hold the hearing). Therefore, it does not appear that his detention was unlawful.

It is also not clear that Michigan law recognizes a right to use self-help to avoid unlawful imprisonment in this state's penal institutions, as opposed to the use of legal (and peaceable) means for challenging an improper incarceration. See *Moses v Dep't of Corrections*, 274 Mich App 481, 485; 736 NW2d 269 (2007) (stating that the writ of habeas corpus is available to determine the legality of the restraint under which a person is held). It is true that this Court has stated that a person may not be convicted under MCL 750.193 for escaping unlawful imprisonment. See *People v Alexander*, 39 Mich App 607, 610-611; 197 NW2d 831 (1972). However, the Court in *Alexander* relied on a decision by our Supreme Court in which it interpreted a different statute. *Id.* at 610, citing *People v Hamaker*, 92 Mich 11; 52 NW 82 (1892). The Supreme Court in *Hamaker* determined that the prosecution had to establish that the prisoner was lawfully detained because the statute made it a crime to aid or facilitate the escape of a prisoner *lawfully* committed or detained. *Hamaker*, 92 Mich at 15-16. The Legislature did not include such an element in MCL 750.193, and our Supreme Court has not yet explicitly recognized a common-law right to escape from allegedly unlawful confinement by the state. Cf. *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012) (recognizing a common-law right to resist an unlawful arrest). In any event, even assuming that McKerchie had a common-law right to escape unlawful confinement and that his confinement was unlawful, his assertion of that right would not constitute an absolute bar to prosecution; rather, he would be entitled to present that defense at trial. See *People v Hurst*, 59 Mich App 441, 443-445; 229 NW2d 492 (1975).

For these reasons, we decline to address this issue further. Whether and to what extent McKerchie is entitled to assert the illegality of his confinement as a defense is a matter that should be addressed in the first instance by the trial court.

## IV. CONCLUSION

The trial court erred when it interpreted the last sentence in MCL 750.193(3) to provide broad immunity from prosecution under MCL 750.193 for any person whose escape from prison also constitutes a violation of a condition of parole. Consequently, it abused its discretion when it granted McKerchie's motion to quash the charge of prison escape on that basis.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly