# Court of Appeals, State of Michigan

## ORDER

People of MI v Timothy Matthew Parker

Docket No.    335541

LC No.        2016-001135-FH

Michael J. Riordan
Presiding Judge

Amy Ronayne Krause

Brock A. Swartzle
Judges

The Court orders that the May 18, 2017 majority and concurring opinions are hereby VACATED, and new majority and concurring opinions are attached.

/s/ Michael J. Riordan

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 25, 2017
Date

Chief Clerk

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TIMOTHY MATTHEW PARKER,

        Defendant-Appellee.

FOR PUBLICATION
May 25, 2017
9:05 a.m.

No. 335541
St. Clair Circuit Court
LC No. 2016-001135-FH

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

SWARTZLE, J.

Under Michigan Court Rule 6.110(C), a district court is required to conduct a preliminary examination "in accordance with the Michigan Rules of Evidence," including the rule against hearsay (MRE 802). In 2014, the Legislature created a statutory exception to this rule, whereby "[t]he rules of evidence apply at the preliminary examination except" that the hearsay rule does not preclude certain laboratory reports from being admitted, among other things. MCL 766.11b(1). This statutory exception is not reflected in any court rule, thereby creating an irreconcilable conflict between the two.

To resolve the conflict, we look to whether the subject matter of the rule/statute is a procedural or substantive one. Under our Constitution, a court rule will trump a statute when the two irreconcilably conflict on a procedural matter. With respect to a substantive matter, however, a statute will trump a court rule. Neither the Supreme Court nor our Court has yet addressed the issue of whether, during a preliminary examination, a district court should preclude a laboratory report as hearsay under MCR 6.110(C) and MRE 802 or, instead, admit the report under the statutory hearsay exception in MCL 766.11b(1). As explained below, we conclude that the conflict involves a substantive matter and, accordingly, a district court should apply the statutory exception.

## I. BACKGROUND

Defendant Timothy Parker was charged with operating while intoxicated (OWI), MCL 257.625(1), driving with a suspended license, MCL 257.904, and possessing an open container of alcohol in a vehicle, MCL 257.624a. At defendant's preliminary examination, Officer Robert Jenkins testified that, on August 4, 2015, he was dispatched to the Harsens Island ferry to respond to an OWI complaint. He arrived at the ferry at approximately 12:45 a.m. and found defendant's running vehicle parked at a stop sign with defendant sleeping in the driver's seat.

Officer Jenkins observed a box of wine on the passenger seat and a glass containing ice and a liquid in the center console. The officer testified that he knocked on the window for approximately ten minutes before defendant finally woke up. Defendant admitted he had been drinking and stated that he was on his way to Harsens Island to go home.

Officer Jenkins testified that defendant's speech was slurred, his eyes were bloodshot, and he appeared disoriented. Defendant failed two field sobriety tests and refused a third. Officer Jenkins placed defendant under arrest and obtained a warrant for a blood draw. During the preliminary examination, the district court admitted a laboratory report outlining the results of that blood draw over defendant's objection. The report indicated that defendant's blood alcohol content was 0.163.

The district court found the prosecution had presented sufficient evidence to find probable cause that defendant was operating while intoxicated and bound defendant over to the circuit court. Defendant then filed a motion with the circuit court to quash the bind over, arguing that the laboratory report was inadmissible under MCR 6.110. Defendant acknowledged that MCL 766.11b appeared to render the report admissible but argued that MCR 6.110 trumped MCL 766.11b. The circuit court agreed and remanded the case for continuation of the preliminary examination.

The prosecution sought leave to appeal, which this Court granted.[1] On appeal, the prosecution argues that the statutory exception to the hearsay rule in MCL 766.11b supersedes MCR 6.110 as a statement of substantive law by the Legislature.

## II. ANALYSIS

### A. Standard of Review

This Court reviews a trial court's ruling on a motion to quash for an abuse of discretion. *People v McKerchie*, 311 Mich App 465, 470-471; 875 NW2d 749 (2015). An abuse of discretion occurs when, for example, a trial court premises its decision on an error of law. *Id.* at 471. The interpretation of a statute or court rule, including whether a statute is unconstitutional, involves a question of law that we review de novo. *McDougall v Schanz*, 461 Mich 15, 23-24; 597 NW2d 148 (1999). When reviewing the constitutionality of a statute, we apply "the well-established rule that a statute is presumed to be constitutional unless its unconstitutionality is clearly apparent." *Id.* at 24.

### B. When a Statute and Court Rule Irreconcilably Conflict

Under our Constitution, the Michigan Legislature is vested with the authority to enact substantive law, Const 1963, art 4 § 1, while the Supreme Court is vested with the authority "by general rules [to] establish, modify, amend and simplify the practice and procedure" of state courts, Const 1963, art 6 § 5. Thus, the Legislature is not authorized to enact statutes that "establish, modify, amend [or] simplify the practice and procedure" of courts. *McDougall*, 461 Mich at 26. By the same token, the Supreme Court "is not authorized to enact court rules that

---

[1] *People v Parker*, unpublished order of the Court of Appeals, entered December 12, 2016 (Docket No. 335541).

establish, abrogate, or modify the substantive law." *Id.* When a court rule irreconcilably conflicts with a statute, the conflict is resolved in the rule's favor if it is a matter of procedure, but in the statute's favor if it is matter of substance.

Before deciding whether a legislative enactment amounts to a procedural rule or a substantive law, we must first address the penultimate question—whether there exists an irreconcilable conflict between MCR 6.110(C) and MCL 766.11b in the context of admitting a laboratory report during a preliminary examination. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). Beginning with MCR 6.110, subrule (C) provides that the district court must conduct a preliminary examination "in accordance with the Michigan Rules of Evidence." And for its part, MRE 802 prohibits a district court from admitting hearsay evidence absent an exception found in the rules of evidence (e.g., MRE 803).

We agree with the parties that the laboratory report in this case qualified as hearsay, as it was offered to prove the truth of the matters asserted within the report. While the rules of evidence provide certain exceptions to the hearsay rule, case law makes clear that laboratory reports prepared in anticipation of litigation do not generally qualify for one of the exceptions. *People v McDaniel*, 469 Mich 409, 412-414; 670 NW2d 659 (2003) (concluding that a similar laboratory report was not admissible under the hearsay exceptions of MRE 803(6) (business records) or (8) (public records)). Thus, were the district court to have applied MCR 6.110(C) here, the court would have had to exclude the report as hearsay.

Turning to MCL 766.11b, the Legislature provided in subdivision (1)(d) that, although the rules of evidence generally apply at a preliminary examination, a laboratory report is not to be excluded from a preliminary examination under the hearsay prohibition. Thus, were the district court to have applied MCL 766.11b here—which it in fact did—the court would have had to admit the report irrespective of the hearsay rule. Given these two opposed outcomes, it is clear that MCR 6.110(C) and MCL 766.11b create an irreconcilable conflict with respect to the admission of laboratory reports during a preliminary examination.

C.    Is MCL 766.11b Procedural or Substantive?

Finding an irreconcilable conflict, we turn next to whether the Legislature addressed a procedural or substantive matter with the statute. As noted earlier, if the statute covers a procedural matter, then we would conclude that the Legislature was impermissibly attempting to infringe on the Supreme Court's authority to promulgate rules relating to judicial practice and procedure. If, instead, the statute covers a substantive matter, then the Legislature would be well within its legislative authority and the statutory language would prevail over the court rule. *McDougall*, 461 Mich at 27.

When looking at similar questions involving evidentiary matters, the Supreme Court has eschewed the position that when it creates a rule of evidence, "that rule is, ipse dixit, one encompassing only procedure." *Id.* at 27 n 11. Instead, the Supreme Court has "adopt[ed] a more thoughtful analysis that takes into account the undeniable distinction between *procedural* rules of evidence and evidentiary rules of substantive law." *Id.* at 29 (internal quotation marks and ellipsis omitted). Thus, if a statutory rule of evidence reflects some policy consideration beyond mere "court administration" or the "judicial dispatch of litigation," then the statute will

-3-

survive constitutional challenge and will be enforced. *Id.* at 30-31 (internal quotation marks and citation omitted). Examples of procedural rules of evidence include those "designed to let the jury have evidence freed from the risks of irrelevancy, confusion and fraud." *Id.* at 30 n 15 (quoting 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 403). Examples of substantive rules of evidence include those governing the admission of expert medical testimony as well as certain other-acts evidence against minors. *See id.* at 36-37; *Watkins*, 491 Mich at 476-477.

In determining whether MCL 766.11b is a procedural or substantive rule of evidence, we first note that the statutory exception against hearsay does not implicate a rule designed to protect juries against irrelevant, confusing, or fraudulent evidence. The exception exists only at the district court level during a preliminary examination, and a defendant does not have the right to have the examination heard by a jury. MCL 767.42(1); *People v Glass*, 464 Mich 266, 278-279; 627 NW2d 261 (2001) (stating that there is no constitutional right to indictment by a grand jury). Moreover, as a trained jurist, a district court judge is presumed to know how to sift through reliable versus unreliable evidence, lessening any prejudicial impact of hearsay admitted into evidence. See *People v Jones*, 168 Mich App 191, 194; 423 NW2d 614 (1998).

With respect to the policy of admitting a laboratory report during a preliminary examination in lieu of testimony by the report's author, this Court long ago recognized that the policy was "designed to reduce the number of times a drug analyst is required to testify in criminal proceedings." *People v Anderson*, 88 Mich App 513, 518; 276 NW2d 924 (1979) (reviewing a prior version of the policy in MCL 600.2167 (repealed by 2014 PA 124)). Before 2014, this policy was found in MCL 600.2167; in 2014, a stronger version of this policy was added to MCL 766.11b. Although MCL 600.2167 was repealed at the same time that MCL 766.11b was amended,[2] we see nothing in the code or public act to suggest that the Legislature was no longer concerned about burdening laboratory technicians' resources. In fact, the Legislature strengthened the exception by removing the defendant's right to request that the technician testify in-person with sufficient written notice. Compare MCL 600.2167(4) (2013) with MCL 766.11b (2014). Rather, it appears clear that the additions to MCL 766.11b made the prior language in MCL 600.2167 superfluous.

Read in light of this history, the current version of MCL 766.11b continues the Legislature's long-adopted goal of reducing the number of times a laboratory professional has to testify in a criminal case by suspending the hearsay rule during the preliminary examination. This policy conserves local and state law-enforcement resources, and while there may be some similar savings to district courts, the policy does, in fact, go beyond mere court administration or the dispatch of judicial business. Thus, MCL 766.11b is an enactment of a substantive rule of evidence, not a procedural one. Accordingly, the specific hearsay exception in MCL 766.11b takes precedence over the general incorporation of the Michigan Rules of Evidence found in MCR 6.110(C).

### III. CONCLUSION

---

[2] 2014 PA 123 amended MCL 766.11b and 2014 PA 124 repealed MCL 600.2167. The two public acts were tie-barred.

The district court properly admitted the laboratory report pursuant to the statutory hearsay exception in MCL 766.11b. The circuit court abused its discretion by remanding defendant's case to the district court for continuation of the preliminary examination. We reverse the circuit court's order and remand this action for continuation of the proceedings before the circuit court. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Michael J. Riordan