*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARRIS ANTHONY PHARMS,

Defendant-Appellant.

UNPUBLISHED
July 11, 2019

No. 335439
Kent Circuit Court
LC No. 15-010506-FH

ON REMAND

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted of possession with intent to distribute more than 50 but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*); possession with intent to distribute less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*); knowingly keeping or maintaining a structure or place that is frequented by persons unlawfully using a controlled substance or that is used for unlawfully keeping or selling a controlled substance (maintaining a drug house), MCL 333.7405(1)(d); and unlawful possession of a device or weapon that uses an electrical current to incapacitate, injure, or kill (possession of a taser), MCL 750.224a(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 17½ to 40 years for the possession of cocaine with intent to distribute conviction, 10 to 25 years for the possession of heroin with intent to distribute conviction, 1 to 15 years for the maintaining a drug house conviction, and 2 to 15 years for the possession of a taser conviction. This Court affirmed defendant's convictions and sentences.[1] Defendant appealed to our

---

[1] See *People v Pharms*, unpublished per curiam opinion of the Court of Appeals, issued January 11, 2018 (Docket No. 335439). A complete description of the facts underlying defendant's convictions may be found in that opinion.

Supreme Court, arguing in relevant part that this Court had not fairly reviewed the claims presented in defendant's Standard 4[2] brief. Our Supreme Court issued an order remanding the case to this Court for "articulation of its reasons for finding a lack of merit in the questions presented in the defendant's supplemental brief." It denied leave in all other respects.[3]

For the reasons stated in this opinion, we find no merit to the claims presented in defendant's Standard 4 brief, and affirm his convictions and sentences as stated in our original opinion.

## I. JURISDICTION

Defendant argues that the trial court (and the district court that arraigned him) lacked jurisdiction because the felony complaint was not signed by the complaining witness under oath in the presence of a magistrate. We disagree. A party may challenge a court's exercise of jurisdiction at any point, even for the first time on appeal. See *Lehman v Lehman*, 312 Mich 102, 105-106; 19 NW2d 502 (1945). This Court reviews de novo whether the trial court properly interpreted and applied the relevant court rules and statutes and exercised its jurisdiction. See *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2012).

A criminal complaint initiates the judicial phase of a prosecution and serves as the basis for an arrest warrant. *People v Burrill*, 391 Mich 124, 128; 214 NW2d 823 (1974). A criminal complaint is a "written accusation that a named or described person has committed a specified criminal offense." MCR 6.101(A). It must "include the substance of the accusation against the accused and the name and statutory citation of the offense." MCR 6.101(A). Additionally, it "must be signed and sworn to before a judicial officer or court clerk," MCR 6.101(B), and the prosecutor must approve the complaint with his or her endorsement before it may be filed, MCR 6.101(C).

The lower court record reflects that an original copy of the criminal complaint was filed in this case. That complaint states that the complaining witness accused defendant of committing specific criminal offenses and provided detail regarding the factual basis for those accusations. It was properly signed by the prosecutor, the complaining witness, and the magistrate. The complaint also contains the notation that the complaining witness had been "[s]ubscribed and sworn" before the magistrate on the date she signed it. Defendant has failed to provide the factual basis for his claim. Further, a defective complaint or arrest warrant does not divest a district or circuit court of jurisdiction to try an accused person, although it may be a factor in whether they are ultimately acquitted or not bound over. See *Burrill*, 391 Mich at 133. Defendant's claim lacks merit.

---

[2] A supplemental appellate brief filed in propria persona by a criminal defendant under Michigan Supreme Court Administrative Order No. 2004-6, Standard 4.

[3] *People v Pharms*, ___ Mich ___; 925 NW2d 838 (2019)

## II. VALIDITY OF SEARCH WARRANT

Defendant also argues that the affidavit in support of the search warrant filed by Officer Terpstra contained statements that were false and made with a reckless disregard for the truth, and that the warrant was therefore issued in error. We disagree.

When reviewing a trial court's decision on a motion to suppress, this Court reviews de novo whether the trial court properly applied the law to the facts. *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011). However, we review for clear error the factual findings underlying the trial court's decision. *People v Martin*, 271 Mich App 280, 297; 721 NW2d 815 (2006). We review for an abuse of discretion the trial court's ultimate decision on a motion to quash. And we review a trial court's decision on a motion to quash for an abuse of discretion. *People v McKerchie*, 311 Mich App 465, 470-471; 875 NW2d 749 (2015).

We held in our original opinion that the trial court did not err by denying defendant's motion to quash the search warrant. The argument presented in defendant's Standard 4 brief does not alter that conclusion, as it essentially reiterates the argument contained in defendant's main appellate brief that Officer Terpstra's statements regarding his observations of the thrown objects were false or speculative. As stated in our original opinion:

> Although Terpstra arguably could have used more precise language in the affidavit, there is no evidence that he knowingly, intentionally, or recklessly failed to include a detail that was material to the assessment of probable cause. Because Terpstra's assertions were not false on their face and in fact were consistent with the testimony and evidence at the hearing, the trial court did not clearly err when it found that Terpstra did not knowingly, intentionally, or recklessly include a false statement in his affidavit or leave out a fact that was material to the determination of probable cause. The trial court therefore did not err when it denied defendant's motion to invalidate the search warrant on the ground that the affidavit in support was false or omitted material details.[4]

Defendant's argument lacks merit.

## III. DENIAL OF MOTION TO QUASH BINDOVER

Defendant also argues that the trial court erred by denying his motion to quash his bindover from the district court. We disagree. Even if defendant could demonstrate an error in the preliminary examination procedure, he is not entitled to relief unless he can demonstrate that the error denied him a fair trial or otherwise prejudiced him. *People v Hall*, 435 Mich 599, 602-603; 460 NW2d 520 (1990). As we stated in our original opinion, the prosecution presented sufficient evidence to support each of defendant's convictions; that holding was not disturbed by our Supreme Court. Moreover, we have addressed, in both this opinion and our previous opinion, defendant's arguments regarding Officer Terpstra's statements and the statements of a

---

[4] *Pharms*, unpub op at 4 (citations omitted).

confidential informant, and have found them to lack merit. Defendant has not demonstrated that he is entitled to relief on this ground.

## IV. SUFFICIENCY OF THE EVIDENCE—POSSESSION

Defendant also argues that the evidence presented at trial was insufficient to prove his possession of the bags of cocaine and heroin found outside his apartment. Defendant's argument in his Standard 4 brief echoes the arguments presented in his main appellate brief. As stated, our Supreme Court left undisturbed our holding regarding the sufficiency of the evidence; we adopt the reasoning of our previous opinion with regard to defendant's Standard 4 argument.

## V. PROSECUTORIAL MISCONDUCT[5]

Defendant argues that the prosecution committed misconduct that deprived him of a fair trial, by improperly introducing evidence of other acts, falsely summarizing testimony in closing argument, and making false statements in rebuttal argument. We disagree. Defendant did not object to any of these alleged instances of misconduct before the trial court; the issue is therefore unpreserved. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). We review unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *Id.*

The prosecution's role in our criminal justice system is not merely to convict; it is to seek justice. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007), lv den 480 Mich 897 (2007). The prosecution has an obligation to ensure that the defendant has a fair trial. See *People v Brocato*, 17 Mich App 277, 290; 169 NW2d 483 (1969). The prosecution may jeopardize the defendant's right to a fair trial by interjecting issues broader than the defendant's guilt or innocence. *Dobek*, 274 Mich App at 63. The key consideration is whether improper acts or comments by the prosecution deprived the defendant of a fair trial. *People v Bahoda*, 448 Mich 261, 267; 531 NW2d 659 (1995).

Defendant argues that the prosecution committed misconduct by presenting Andrea Crysler's testimony that she sold drugs for defendant and by presenting evidence tending to suggest that defendant negotiated drug deals in text messages. Defendant argues that this evidence was improper evidence of other acts that was not admissible under MRE 404(b). We disagree with the characterization of the evidence as other-acts evidence. In order to prove that defendant was guilty of maintaining a drug house, the prosecution was required to present

---

[5] This Court has stated that the term "prosecutorial misconduct" has become a term of art used to describe any error that has been committed by the prosecution. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). The *Cooper* Court concluded that claims of inadvertent error by the prosecution are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct[,]' " such as those actions that are fraudulent or that violate the Michigan Rules of Professional Conduct. *Id.* Here, because defendant alleges that the prosecution "deliberately admitted" other acts evidence, deliberately asked the jury to consider this evidence as propensity evidence, and made false statements to the jury, we will refer to defendant's claim as one of "misconduct."

evidence that the keeping or selling of controlled substances was a substantial purpose of the use of the home and was continuous to some degree, rather than merely isolated or incidental use. *People v Thompson*, 477 Mich App 146, 155; 730 NW2d 708 (2007). As discussed in our previous opinion, Crysler's testimony was relevant for this purpose.[6] Because the challenged evidence was relevant to establish an element of keeping or maintaining a drug house, rather than evidence of "other crimes, wrongs, or acts," it was admissible without having to satisfy the requirements of MRE 404(b). See MCL 333.7405(1)(d); *Thompson*, 477 Mich at 156; MRE 401, 402. The prosecution could seek in good faith to have this evidence admitted as substantive proof of defendant's guilt, and therefore did not commit misconduct. See *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999).

Defendant also argues that the prosecution, during its closing and rebuttal arguments, made false statements about the evidence admitted at trial. We disagree. The prosecution may not argue facts not in evidence, *People v Stanaway*, 446 Mich 643, 686; 521 NW2d 557 (1994), but is free to argue all reasonable inferences arising from the evidence. *Bahoda*, 448 Mich at 282. The prosecution has great latitude to argue the facts in evidence and the inferences to be drawn. *People v Thomas*, 260 Mich App 450, 456; 678 NW2d 631 (2004), lv den 471 Mich 868 (2004).

Defendant argues that the prosecution mischaracterized Officer Leonard's testimony as stating that he had gone outside to search the area again because the sizes of the bags that were seized were not consistent with the sizes of the bags he had seen flying through the air, the bags were not found where he thought the bags would have fallen, and he had heard the bags land in a tree or bush. We disagree. Officer Leonard testified at trial that he believed that the two bags initially recovered were smaller than the bags he had seen thrown from the apartment building. Further, Officer Leonard testified that he believed the "trajectory" of the bags he had seen thrown would have resulted in them landing closer to the building than the bags initially recovered by Officer Terpstra. Finally, Officer Leonard testified that he thought he heard the bags hit "something" before going outside and searching the bushes next to the building. The bag of cocaine that Officer Leonard recovered was found in a bush.

The prosecution's statements were not plain error. Although they were not a precise repetition of Officer Leonard's testimony, they contained inferences that could be reasonably drawn from the testimony. *Bahoda*, 448 Mich at 282. It is a reasonable inference from Officer Leonard's testimony and his actions that he undertook a search of the outside of the building because he believed that more narcotics could be found, and in fact they were found. Moreover, although defendant points out that Officer Leonard never testified that he "knew" that more narcotics could be recovered, the prosecution's use of the word "knew," in context, was clearly meant to convey that Officer Leonard's concern that not all of the narcotics had been recovered motivated him to conduct an additional search. In any event, it is difficult to see how the prosecution's use of the word "knew," rather than "suspected," had any notable impact on defendant's convictions. And the jury was instructed that the parties' closing arguments were

---

[6] *Pharms*, unpub op at 7.

not evidence and that it should only accept those statements that were supported by the evidence. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors."). We find no plain error requiring reversal. *Bennett*, 290 Mich App at 475.

Defendant also argues that the prosecution falsely stated during its rebuttal argument that police officers had used spotlights to illuminate the back of the building where the bushes were located, decreasing the likelihood that a passing person would seek to hide narcotics in that location. We disagree. Testimony from officers at trial indicated that the police used a spotlight to illuminate defendant's apartment, and that officers were stationed around the building. The prosecution's argument that a passing person would be deterred from hiding narcotics in the bushes was a reasonable inference from the evidence. *Bahoda*, 448 Mich at 282. And again, the jury was instructed that the parties' arguments are not evidence. *Abraham*, 256 Mich App at 279. We find no plain error requiring reversal. *Bennett*, 290 Mich App at 475.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that his counsel was ineffective in four ways: (1) failing object to the use of other-acts evidence, (2) failing to offer Officer Leonard's police report into evidence and failing to offer photos that would have shown the view from the position of Officers Leonard and Wills, (3) failing to object to the prosecution's use of a photo that did not depict those officers' view, and (4) failing to provide "meaningful and adversarial testing to the Prosecutor's case." We disagree. This Court reviews for clear error a trial court's factual findings, but reviews de novo issues of constitutional law. *People v Gioglio (On Remand)*, 296 Mich App 12, 19-20; 815 NW2d 589 (2012). Because an evidentiary hearing was not held concerning defense counsel's effectiveness, our review is limited to errors apparent on the record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012).

"To establish a claim ineffective assistance of counsel, the defendant must show that 'counsel's representation fell below an objective standard of reasonableness' under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Gioglio (On Remand)* at 22, quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 St Ct 2052; 80 L Ed 2d 674 (1984). Effectiveness of counsel is presumed, and a defendant bears the burden of demonstrating that his counsel's acts or omissions were outside the wide range of professionally competent assistance. *Id.* Even if a defendant has demonstrated that his counsel's representation was below an objective standard of reasonableness, reversal is not required unless the defendant can demonstrate prejudice by showing a reasonable probability that defense counsel's errors affected the results of the proceedings against him. *Id.*

Regarding defense counsel's failure to object to what defendant characterizes as other-acts evidence, we hold, as discussed earlier in this opinion, that the challenged evidence was relevant to a charge against defendant and was admissible. Defense counsel was not required to make a futile objection. See *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

As for defendant's remaining claims of ineffective assistance, defendant has failed to provide meaningful argument, and could be considered to have abandoned them. *Martin*, 271

Mich App at 315. In any event, police reports are inadmissible in a criminal proceeding, MRE 803(8), and, for that reason, defense counsel had no obligation to seek to admit Officer Leonard's report. *Riley*, 468 Mich at 142. And defendant has not overcome the presumption that his counsel's decision not to offer his own photographs or object to the prosecution's photographs was a matter of trial strategy. See *Bahoda*, 448 Mich at 287 n 54; *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Nor has defendant established (or even argued) that the use of different photographs would have resulted in a different outcome of the proceedings against him. *Gioglio (On Remand)* at 22. Defendant offers nothing whatsoever to support his vague and nebulous assertion regarding "meaningful and adversarial testing" of the prosecution's case against him, and we find no basis for it in the record.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra